IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**HAND CUT STEAKS, INC. et al.**                                            **PLAINTIFFS**

v.                          **CASE NO. 4:16-CV-00531 BSM**

**SOUTHERN INSURANCE COMPANY**                                     **DEFENDANT**

## ORDER

Plaintiffs' motion for summary judgment [Doc. No. 26] is denied.

## I. BACKGROUND

This case arises from a dispute over the proper sum owed under an insurance policy. Plaintiffs Hand Cut Steaks, Inc.; Hand Cut Steaks of Jonesboro, Inc.; and Property Ventures, LLC were the owners and operators of a Colton's Steakhouse in Jonesboro, Arkansas, which burned down on December 17, 2014. Resp. Pl.'s Statement Undisputed Facts ("Pl.'s Facts") ¶ 1, Doc. No. 37; Resp. Def.'s Statement Undisputed Facts ("Def.'s Facts") ¶ 2, Doc. No. 32. This property was one of multiple properties insured by defendant Southern Insurance Company ("Southern") under blanket insurance policy CMP 5516015, effective April 1, 2014, through April 1, 2015. Def's Facts ¶¶ 2–4. The blanket policy covered real property at nine separate locations and personal property at twelve separate locations. *Id.* ¶ 4. The Colton's Steakhouse was designated "premises number 002" in the policy's "description of premises." Doc. No. 26-2, at 13. The fire totally destroyed premises number 002. Pl.'s Facts ¶ 2. It is undisputed that premises number 002 was the only property that was destroyed of the multiple properties covered under the blanket policy. Def.'s Facts ¶¶ 4, 8.

The insurance policy provided $8,437,025 in blanket building coverage and $4,715,000 in blanket personal property coverage. *Id.* ¶ 5. The parties agree that the blanket policy provided replacement cost coverage, Pl.'s Facts ¶ 6, and that the policy required the insured to maintain a coinsurance percentage of 100%. Def.'s Facts ¶ 9. The replacement cost of the building, to date, totals $1,618,142.79, and the replacement cost of the personal property contained in the building, to date, totals $503,819.72. Pl.'s Facts ¶¶ 9, 12; Doc. No. 27, at 2. Southern has paid plaintiffs $909,135.87 toward building replacement cost and $433,199.20 towards personal property replacement cost. Def.'s Facts ¶¶ 13, 17. Plaintiffs, however, assert they are entitled to the full replacement cost for the building and for the personal property as long as the replacement cost does not exceed the maximum limits identified in the policy for each category respectively. Southern responds that a coinsurance percentage has been properly applied to both categories and that plaintiffs have been paid the appropriate amount owed under the policy.

The policy also provided $3,925,000 in blanket lost income coverage. Pl.'s Facts ¶¶ 15, 16. Southern has paid $835,785 towards lost income. Def.'s Facts ¶ 18. Plaintiffs assert they are entitled to recover all lost income totaling $1,071,742.40. Pl.'s Facts ¶ 17.

Plaintiffs seek damages for breach of contract on their claims for the replacement cost of the building and personal property and for lost income; a statutory penalty equal to 12% of the judgment, pre- and post-judgment interest, and attorney's fees pursuant to Arkansas Code Annotated section 23-79-208; and punitive damages for bad faith conduct. Am. Compl. ¶¶ 14–18, Doc. No. 19. They move for summary judgment as to all claims except

their claim for punitive damages.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring trial. *Id.* Importantly, when considering a motion for summary judgment, all reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Ultimately, the parties dispute whether a coinsurance percentage applies to reduce the amount plaintiffs can recover under the policy. Coinsurance is a method used to divide the risk of loss between the insurer and the insured. *State Auto Prop. & Cas. Ins. Co. v. Boardwalk Apartments, L.C.*, 572 F.3d 511, 516 (8th Cir. 2009). Generally, coinsurance provisions require the insured to maintain insurance on covered property in an amount at least equal to a specified percentage, and failure to do so results in the insured assuming the status of a coinsurer who will bear a proportionate amount of the loss. *Wetmore v. Unigard*

3

*Ins. Co.*, 107 P.3d 123, 125 (Wash. App. 2005). The purpose of coinsurance is to reward those who insure at close to full value and to penalize those who insure at less than full value. *Id.*

Plaintiffs argue that premises number 002 suffered a total loss under Arkansas's valued policy law, and accordingly, they are entitled to collect up to the full amount stated in the blanket policy's limits of coverage without application of a coinsurance penalty. Doc. No. 27, at 3. Arkansas's valued policy law reads as follows:

> Except as provided in subsection (b) of this section, in case of a total loss by fire or natural disaster of the property insured, a property insurance policy other than for flood and earthquake insurance shall be held and considered to be a liquidated demand against the company taking the risk for the full amount stated in the property insurance policy or the full amount upon which the company charges, collects, or receives a premium.

Ark. Code Ann. § 23-88-101(a)(1). This argument fails because subsection (b) clearly states, "This section does not apply [i]f the claim is for the total loss of a building that is insured under a blanket insurance policy for a stated amount that covers two (2) or more buildings or that covers buildings and personal property." *Id.* § 23-88-101(b)(3)(A). The parties agree that the blanket policy covered multiple buildings and that only one of them burned. Pl.'s Facts ¶ 4; Def.'s Facts ¶ 8. Put simply, Arkansas's valued policy law does not apply and thus does not prevent the application of a coinsurance penalty. *See Boardwalk Apartments, L.C.*, 572 F.3d at 516 ("where one building in a group of buildings is destroyed, the . . . Valued Policy Law does not apply").

The question of whether a coinsurance penalty applies pursuant to the policy language

4

is a distinct issue. Plaintiffs assert that the policy's plain language demonstrates that a coinsurance penalty does not apply. *See* Doc. No. 27, at 4–5. The policy states:

> We will not pay the full amount of any loss if the value of Covered Property at the time of loss times the Coinsurance percentage shown for it in the Declarations is greater than the Limit of Insurance for the property.

Doc. No. 29-1, at 94; Doc. No. 26-4, at 1; *see also* Doc. No. 35, at 1 (incorporating Southern's motion for summary judgment and brief in support into its response to plaintiffs' motion for summary judgment).

Plaintiffs' argument is logically flawed. First, the parties agree that the coinsurance percentage shown in the declarations is 100%. Doc. No. 27, at 5; Doc. No. 30, at 5. Next, the parties agree that the value of the covered property is equal to its replacement cost. Doc. No. 26-4, at 1; Doc. No. 27, at 5; Doc. No. 30, at 8 (citing to the policy's language, which states, "Replacement Cost . . . replaces Actual Cash Value in the Valuation Loss Condition of this Coverage Form."). The policy language supports as much, Doc. No. 29-1, at 93, 96; (explaining "Valuation" and "Replacement Cost"), as does the law. *Buddy Bean Lumber Co. v. Axis Surplus Ins. Co.*, 715 F.3d 695, 699 (8th Cir. 2013). Finally, the parties agree that the limit of insurance set out in the policy was $8,437,025 for the building and $4,715,000 for the personal property inside. Pl.'s Facts ¶¶ 5, 7; Def.'s Facts ¶ 5. Multiplying "the value of Covered Property at the time of the loss [$1,618,142.79 for the building or $503,819.72 for personal property] times the Coinsurance percentage shown for it in the Declarations [100% or 1.00]," therefore, does not yield an amount "greater than the Limit of Insurance for the

5

property," which is $8,437,025 or $4,715,000 respectively.

Plaintiffs are, therefore, correct that "the value of Covered Property at the time of loss times the Coinsurance percentage shown for it in the Declarations" is not "greater than the Limit of Insurance for the property" with respect to the building coverage and the personal property coverage. Their argument fails, nonetheless, because stating that the insurer *will not* pay the full amount of a loss if a certain condition *does* occur is not the logical equivalent of stating that the insurer *will* pay the full amount of a loss if that same condition *does not* occur.

The coinsurance provision in dispute applies if plaintiffs were underinsured. *See Boardwalk Apartments, L.C.*, 572 F.3d at 517 (discussing identical coinsurance language); Def.'s Facts ¶ 9 ("The policy requires a coinsurance of 100% for real and personal property."). Plaintiffs assert they were adequately insured, while Southern asserts they were underinsured. Plaintiffs have offered into evidence a document Southern produced in April of 2014 that they claim proves they were adequately insured. This document, Exhibit F, is labeled as a "Referral Full Form" and makes the following statement regarding premises 002:

> They have blanket building coverage on the building and have several of their buildings insured for the same amount. This is resulting in 6 of the locations to be over insured. The rest are ok. They do have spoilage on each restaurant with a $20,000 limit. They do not have ALS, but do have blanket business income coverage including rental value with a total limit of $3,925,000.

Doc. No. 26-7, at 3. This may be evidence supporting plaintiffs' assertion that they were, in fact, adequately insured for the purpose of determining the applicability of a coinsurance

penalty. It is not dispositive, however, as it provides no analysis, and it is unclear from the document when it was generated, who generated it, or for what purpose. The policy number referred to in the Referral Full Form, for example is A14536, but the parties agree the policy number at issue is CMP 5516015. Def.'s Facts ¶ 3.

## IV. CONCLUSION

Accordingly, plaintiffs' motion for summary judgment is denied with respect to their claims for building and personal property replacement cost. Plaintiffs makes no argument on the issue of lost income, and the motion is denied in this respect. Finally, the motion is also denied with respect to statutory damages. *See Robinson v. MFA Mut. Ins. Co.*, 629 F.2d 497, 498 (8th Cir. 1980) (claim for 12% statutory penalty and attorney's fees failed because plaintiff did not recover the full amount for which she sued, a requirement under Arkansas law).

IT IS SO ORDERED this 13th day of November 2017.

*[signature]*
UNITED STATES DISTRICT JUDGE