# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**HAND CUT STEAKS, INC. et al.**                                                   **PLAINTIFFS**

**v.**                            **CASE NO. 4:16-CV-00531 BSM**

**SOUTHERN INSURANCE COMPANY**                                       **DEFENDANT**

## ORDER

Plaintiffs' motion for reconsideration [Doc. No. 47] is denied because they have not demonstrated a manifest error of law or presented newly discovered evidence. *See Arnold v. ADT Sec. Serv.'s, Inc.*, 627 F.3d 716, 721 (8th Cir. 2010).

Plaintiffs explain that Arkansas's valued policy law, Ark. Code Ann. section 23-88-101, was amended to its present state in 2015. Plaintiffs further explain that prior to the amendment, the statute did not expressly preclude itself from application "[i]f the claim is for the total loss of a building that is insured under a blanket insurance policy for a stated amount that covers two (2) or more buildings or that covers buildings and personal property." *Id.* § 23-88-101(b)(3)(A). Instead, at the time of the fire on December 17, 2014, Ark. Code Ann. section 23-88-101 read in its entirety as follows:

> (a) In case of total loss by fire or natural disaster of the property insured, a property insurance policy other than for flood and earthquake insurance shall be held and considered to be a liquidated demand against the company taking the risk for the full amount stated in the policy or the full amount upon which the company charges, collects, or receives a premium.
>
> (b) However, the provisions of this section shall not apply to personal property or detached appurtenant structures.

Plaintiffs are correct regarding the history of the statute, but their argument fails nonetheless because plaintiffs did not suffer a "total loss" under the plain language of the statute, even as it existed at the time of loss. "The first rule of statutory construction is to construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language." *Gafford v. Allstate Ins. Co.*, 459 S.W.3d 277, 279 (2015). "Total" means "whole" or "entire." Webster's Third New International Dictionary of the English Language Unabridged 2414 (Philip Babcock Gove & the Merriam-Webster Editorial Staff eds., 2002); Legal Thesaurus Regular Edition 492 (Steven C. DeCosta ed., 1981). Thus, "total" means all of the property insured under the policy, not some of it.

The Eighth Circuit's interpretation of a similar Kansas statute supports this. *State Auto Property & Cas. Ins. Co. v. Boardwalk Apartments, L.C.*, 572 F.3d 511, 516 (8th Cir. 2009) ("where one building in a group of buildings is destroyed, the Kansas Valued Policy Law does not apply"). The material difference between the Arkansas statute and the Kansas statute is that the Kansas statute uses the phrase "wholly destroyed," while the Arkansas statute uses the phrase "total loss." *See* Kan. Stat. Ann. § 40-905(a)(1). This distinction is without significance, as is plaintiffs' assertion that *Boardwalk* is distinguishable from the present case because "the buildings and structures in *Boardwalk* were apartment buildings located on the same property" while the "buildings and contents at issue in this case were located in different cities and states even." Doc. No. 47, at 2; *Norwood-Redfield Apartments Ltd. P'ship v. Am. Family Mut. Ins. Co.*, No. 4:16-CV-639 (CEJ), 2017 WL 2189464, at *1–2 (E.D. Mo. May 18, 2017) (plaintiff argued that because a fire completely destroyed one of

its thirty-two separate apartment buildings that it suffered a "total loss" within the meaning of Missouri's valued policy law, and the court disagreed, explaining that "the term total loss under Missouri law applies to all of the property insured").

Arkansas case law also supports this construction of the word "total." In *Forrest v. Northland Casualty Company*, for example, the defendant insurance company issued a blanket insurance policy covering three poultry houses and equipment owned by plaintiffs. 213 F.Supp.2d 1023, 1024 (W.D. Ark. 2002). A fire completely destroyed one of the three poultry houses, and plaintiffs made a claim for replacement cost and equipment at the time of the loss. *Id.* "Plaintiffs [did] not argue that they [were] entitled to the full $370,000 policy limit, as only one of the three poultry houses was destroyed." *Id.* The case is not completely on point as the meaning of "total" in Arkansas's valued policy law was not at issue. The case recognizes, however, that the plaintiffs did not request the full policy limit because only one of three structures burned and that the plain language of Arkansas's valued policy law does not entitle an insured to collect on the full value of the policy limit under such circumstances.

The meaning of "total" in Arkansas's valued policy law is clear. The parties agree that only one location insured under the blanket insurance policy at issue suffered a loss. Resp. Def.'s Statement Undisputed F. ¶ 8, Doc. No. 32. Arkansas's valued policy law, therefore, does not apply. The issue of whether plaintiffs were underinsured and the calculation of the coinsurance penalty, if any, will require factual determinations by a jury.

3

*Wenrich v. Employers Mut. Ins. Co.'s*, 132 P.3d 970, 976 (Kan. App. 2006) ("application of coinsurance clause generally presents a mixed question of fact and law"). For these reasons, plaintiffs' motion for reconsideration [Doc. No. 47] is denied.

    IT IS SO ORDERED this 21st day of November 2017.

                                                */s/ Brian S. Miller*
                                        UNITED STATES DISTRICT JUDGE